**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MORRIS AKERMAN,<br><br>                Plaintiff,<br><br>vs.<br><br>TUTOR PERINI CORPORATION,<br><br>                Defendant. | Case No.: |

Plaintiff Morris Akerman ("Plaintiff"), by his undersigned attorneys, alleges the following based upon personal knowledge as to his own acts and information and belief as to all other matters, based upon the investigation conducted by and through his attorneys:

## NATURE OF THE ACTION

1. Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, lists information required to be in a proxy statement pursuant to 15 U.S.C. § 78n(a), and requires that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed" certain information must be furnished to shareholders.

2. Defendant Tutor Perini Corporation ("Tutor Perini" or the "Company") furnished shareholders with a definitive proxy statement issued through the Securities and Exchange Commission's ("SEC") Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR") on Schedule 14(a) on April 13, 2018 (the "Solicitation")[1] which included four shareholder

---

[1] The Solicitation states:

> As permitted by Securities and Exchange Commission ("SEC") rules, we are making this proxy statement and our 2017 Annual Report available to shareholders electronically via the Internet at investors.tutorperini.com/events-calendar/proxy-voting. On April 13, 2018, we began mailing to our shareholders a Notice of Internet Availability of Proxy Materials containing instructions on

proposals that required shareholder action to approve. Of those proposals, the third proposal ("Proposal 3") seeks shareholder action, by way of a vote, for "approval to adopt the new Tutor Perini Corporation Omnibus Incentive Plan to effect the merger of the Amended and Restated Tutor Perini Corporation Long-Term Incentive Plan and the Tutor Perini Corporation Incentive Compensation Plan[.]" (capitalization altered).

3. According to the Solicitation:

> The Company currently maintains the Amended and Restated Tutor Perini Corporation Long-Term Incentive Plan, as amended and restated on October 2, 2014 (the "Legacy Plan") and the Tutor Perini Corporation Incentive Compensation Plan adopted on April 3, 2017 (the "Current Plan", together with the Legacy Plan, the "Historical Plans"). The Compensation Committee believes that a new Tutor Perini Corporation Omnibus Incentive Plan (the "Plan"), which merges the Legacy Plan and the Current Plan, is desirable in order to reduce the effort and cost of administering the Company's equity program and to simplify certain terms of the Plan. The Compensation Committee also believes that a new Plan is desirable in order to continue to provide long- and short-term equity-based and cash-based incentive awards to key employees and continue to provide key employees strategic alignment with shareholder interests and achievement of retention goals of key employees. The Plan permits the issuance of shares authorized under the Current Plan as well as previously authorized shares subject to outstanding awards under the Historical Plans that may be forfeited, cancelled or held back for net settlement. The Historical Plans will govern all outstanding awards as of April 10, 2018; however, no new awards will be granted under the Historical Plans.

---

how to access this proxy statement and our 2017 Annual Report and how to vote online. If you received that notice, you will not receive a printed copy of the proxy materials, unless you request one by following the instructions contained in the notice. We believe that providing our proxy materials over the Internet increases the ease and ability of our shareholders to connect with the information they need and reduces the environmental impact of our Annual Meeting.

2

4. As described below, Proposal 3 does not comply with the SEC's disclosure requirements for proxy statements, codified at Item 10(a)(1) of 17 C.F.R. § 240.14a-101.

5. Because of Defendant's non-compliance with 17 C.F.R. § 240.14a-101, Plaintiff, a shareholder of the Company whose vote is solicited, brings this stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78n(a), and the rules and regulations of the SEC, to enjoin a vote by its shareholders on Proposal 3 in the Solicitation for the annual meeting of Tutor Perini shareholders scheduled for May 23, 2018 (including any adjournments or postponements thereof, the "Annual Meeting").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue in this case occurred because numerous Solicitations, including Plaintiff's, were or will be mailed to Tutor Perini shareholders residing in this District.

## PARTIES

9. Plaintiff, a Tutor Perini shareholder as of the close of business on March 29, 2018 (the "Record Date"), is entitled to notice of, and to participate in and vote at, the Annual Meeting.

10. Tutor Perini Corporation, a construction company, provides diversified general contracting, construction management, and design-build services to private customers and public

3

agencies worldwide. Tutor Perini's common stock trades on the New York Stock Exchange under the ticker "TPI" and, as of the Record Date, there were 49,913,003 common shares outstanding.

## **Wrongful Acts and Omissions**

11. Tutor Perini has scheduled its annual shareholders' meeting for May 23, 2018. According to the Solicitation, Tutor Perini's Board of Directors (the "Board") established the Record Date as March 29, 2018.

12. Proposal 3 requests that Tutor Perini's shareholders "[a]pprove the adoption of the new Tutor Perini Corporation Omnibus Incentive Plan[.]"

13. The Company is seeking shareholder approval of Proposal 3, in part, because:

> the Board recommends that the Company's shareholders approve the Plan for the following reasons:
>
> · · The Plan ensures that the Company is able to continue its long-term, share-based incentive strategy, which is a critical element of its Pay-for-Performance compensation philosophy designed to align incentives for key employees with the creation of shareholder value;
>
> · · The Plan provides the Company with the means to retain and attract the executive talent needed to ensure the future success of the Company, which is increasingly critical given the project opportunities ahead and the competition that the Company faces for executive talent;
>
> · · The merger of the Historical Plans into the Plan reduces the administrative cost and expense required to manage multiple plans;
>
> · · The Plan reflects changes in the law as a result of the Tax Cuts and Jobs Act of 2017; and
>
> · · As in the Current Plan, the Plan provides for a minimum vesting of one-year, with certain limited exceptions, on share-based awards and prohibits the payment of cash dividends on unvested awards; both are provisions designed to further align the Plan with shareholders'

4

interests, based on feedback we have received.

14. Proposal 3 further states, in part:

> **Summary Description of the Plan.** The following is a summary of the principal features of the Plan. The summary is not a complete description of all the terms of the Plan and is qualified in its entirety by reference to the complete text of the Plan, which is attached to this Proxy Statement as Exhibit A.
>
> **Plan Administration.** The Plan is administered by the Compensation Committee of our Board of Directors (the "Administrator"), which has full power to select the eligible individuals to whom awards will be granted, to make any combination of awards to participants, and to determine the specific terms and conditions of each award, subject to the provisions of the Plan. The Administrator may permit Common Stock, and other amounts payable pursuant to an award, to be deferred. In such instances, the Administrator may permit interest, dividends or deemed dividends to be credited to the amount of deferrals. In addition, the Administrator may not reprice outstanding options.
>
> **Eligibility and Limitations on Grants.** All full-time and part-time officers, employees, non-employee directors and other key persons of Tutor Perini and its subsidiaries are eligible to participate in the Plan, subject to the discretion of the Administrator.
>
> The Plan permits the issuance of awards for up to an aggregate of 2,239,364 shares, which is the number of shares authorized under the Current Plan (2,335,000), less shares issued since the inception of the Current Plan (95,636). As of April 10, 2018, 1,620,000 of these shares have been awarded and remain outstanding, and 619,364 of these shares remain subject to grant pursuant to new awards under the Plan. Consistent with the Historical Plans, any shares that are included in an award and that are forfeited, cancelled or held back for net settlement will be added back to the amount of shares available for award under the Plan. In addition, the Plan permits the issuance of awards for up to an aggregate of an additional 3,543,022 shares, which corresponds to the number of shares that are subject to awards currently outstanding under the Legacy Plan (3,179,931) plus the number of shares that were subject to awards that were granted under the Legacy Plan but have been forfeited since the Legacy Plan was frozen in 2017 (363,091). Awards for these additional 3,543,022 shares may be

issued if, and only to the extent that, shares subject to awards that were granted under the Legacy Plan are, or have been, forfeited, cancelled or held back for net settlement, thereby preserving the share recycling feature of the Legacy Plan. In summary, the Plan permits the issuance of awards for a total number of shares up to an aggregate of 5,782,386 (2,239,364 shares from the Current Plan, plus 3,543,022 related to potentially recycled shares from the Legacy Plan). With enactment of the Tax Cuts and Jobs Act of 2017, Section 162(m) performance-based award (including stock option) grant size limits are no longer required. However, in the interest of good governance, the Company has maintained certain limits. Specifically, (i) the maximum award of stock options or stock appreciation rights granted to any one individual will not exceed 800,000 shares of Common Stock (subject to adjustment for stock splits and similar events) for any calendar year period, (ii) the maximum number of shares of Common Stock granted to any one individual with respect to an award other than stock options or stock appreciation rights will not exceed 500,000 shares of Common Stock (subject to adjustment for stock splits and similar events, and with respect to performance-based awards the 500,000 share limit shall apply to the number of shares of Common Stock that can be issued at target performance pursuant to such award) for any calendar year period, and (iii) the maximum annual cash incentive award that may be granted to any one individual will not exceed $6,000,000 with respect to any calendar year. The minimum vesting period for all future awards under this Plan shall be one year, with certain limited exceptions as specified in the Plan.

* * *

**Equity Compensation Plan Information for 2017**

As of December 31, 2017, the Historical Plans had outstanding securities and securities available to be awarded, as follows:

| Plan Category | Number of securities to be issued upon exercise of outstanding stock options and restricted stock units | Weighted-average exercise price of outstanding stock options | Remaining securities available to be awarded under share-based compensation plan |
|---|---|---|---|
| Equity Compensation Plans Approved by Security Holders: | | | |
| Historical Plans | 4,360,018 | $ 20.66 | 1,554,364 |
| Equity Compensation Plans Not Approved by Security Holders | — | — | — |
| Total | 4,360,018 | $ 20.66 | 1,554,364 |

15. Proposal 3 does not provide the legally required information because it does not provide sufficient information for Tutor Perini stockholders to understand how many participants are eligible to participate in the Plan, and thus it does not comply with Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, which requires:

> *Item 10. Compensation Plans.* If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

16. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 3 only tells stockholders the following about who will receive these awards:

> **Eligibility and Limitations on Grants.** All full-time and part-time officers, employees, non-employee directors and other key persons of Tutor Perini and its subsidiaries are eligible to participate in the Plan, subject to the discretion of the Administrator.

17. Section 4 of the Plan itself, which Plan is Exhibit A to the Solicitation, contains different language, stating that "Grantees under the Plan will be such full or part-time officers and other employees, non-employee directors and key persons (including consultants and

7

prospective employees) of the Company and its Subsidiaries as are selected from time to time by the Administrator in its sole discretion." The differences between the Plan and the description regarding "Eligibility and Limitations on Grants" renders the Solicitation imprecise and indecipherable.

18. Moreover, as noted above in ¶ 3, the Solicitation states that "[t]he Compensation Committee also believes that a new Plan is desirable in order to continue to provide long- and short-term equity-based and cash-based incentive awards to *key employees* and continue to provide *key employees* strategic alignment with shareholder interests and achievement of retention goals of *key employees*." (emphasis added). The term "key employees" is neither defined nor quantified.

19. The Solicitation omits the approximate number of persons who qualify as eligible participants under the Plan, including the amount of full-time and part-time officers, employees, non-employee directors, other key persons, consultants, prospective employees, and key employees of Tutor Perini.

20. As a result of the above defects, the Solicitation does not identify each class of persons who will be eligible to participate therein and identify how many participants may be awarded the 5,782,386 (approximately 11.6%) of the Company's shares worth $124,321,299 based upon the closing share price of $21.50 on April 20, 2018, that Tutor Perini's stockholders are being asked to approve or the basis of their receipt of such awards.

21. Additionally, the Solicitation fails to comply with Schedule 14A, Item 10(b)(2)(i), which requires that:

> With respect to any specific grant of or any plan containing options, warrants or rights submitted for security holder action, state:
>
> (A) The title and amount of securities underlying such options,

warrants or rights;

(B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;

(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;

(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and

(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant[.]

22. Because the Plan allows for the granting of stock options, the Company must disclose "[t]he market value of the securities underlying the options, warrants, or rights as of the latest practicable date" is not included in the Solicitation.

23. These contraventions of the SEC rules renders the Solicitation unlawful under § 14(a) of the Exchange Act.

24. The preceding paragraphs state a direct claim for relief against Tutor Perini under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

25. As a result of these actions, Plaintiff will be injured, and he has no adequate remedy at law. He will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 5,782,386 shares, or almost 11.6% of the Company's outstanding equity, worth approximately $124.3 million be granted to an unknown number of persons who qualify as Eligible.

26. It is necessary for the Court to take action to enjoin the vote beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and

informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

27. To ameliorate injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1), and which is timely furnished to shareholders.

28. Tutor Perini should be enjoined from presenting Proposal 3 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 3 unless the appropriate amendments are timely made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against Tutor Perini, as follows:

(A) A preliminary and permanent injunction, enjoining Tutor Perini from:

    i. presenting Proposal 3 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

    ii. certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Tutor Perini stockholder in connection with Proposal 3 in the Solicitation unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

(B) A preliminary and permanent injunction requiring Tutor Perini to furnish a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1);

(C) A preliminary and permanent injunction enjoining Tutor Perini from otherwise proceeding at its Annual Meeting, or at any other time, in a manner inconsistent with Item 10(a)(1);

(D) Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Tutor Perini's shareholders to the extent that a common benefit is conferred, and;

(E) Granting such other and further relief as this Court may deem just and proper.

Dated: April 23, 2018

                                          STULL, STULL & BRODY

                                          /s/ Michael J. Klein
                                          Aaron L. Brody
                                          Michael J. Klein
                                          6 East 45th Street
                                          New York, NY 10017
                                          Phone: (212) 687-7230
                                          Fax: (212) 490-2022
                                          abrody@ssbny.com
                                          mklein@ssbny.com

                                          *Attorneys for Plaintiff*